## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JENNIFER CHIU, *individually and on behalf of all those similarly situated*,<br>602 N. Blackhorse Pike<br>Williamstown, NJ 08094<br><br>and<br><br>AARON CHICKACHOP, *individually and on behalf of all those similarly situated*.<br>21 West Hodges Ave.<br>Lawnside, NJ 08045<br><br>　　　　Plaintiffs,<br>　v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br>1000 FedEx Drive<br>Moon Township, PA 15108<br><br>　　　　Defendant. | INDIVIDUAL AND CLASS ACTION FOR UNPAID OVERTIME UNDER NEW JERSEY WAGE AND HOUR LAW<br><br>Civil Action No.: 3:21-cv-1181<br><br>**JURY TRIAL DEMANDED** |

## INDIVIDUAL AND CLASS ACTION COMPLAINT

Named Plaintiffs Jennifer Chiu and Aaron Chickachop (hereinafter collectively referred to as "Named Plaintiffs"), individually and on behalf of those similarly situated, by and through undersigned counsel, hereby complain as follows against Defendant FedEx Ground Package System, Inc. (hereinafter referred to as "Defendant").

## INTRODUCTION

1.　　Named Plaintiffs have initiated the instant action to redress Defendant's violations of the New Jersey Wage and Hour Law ("NJWHL"). Named Plaintiffs assert that Defendant failed to pay them and other similarly situated individuals at least one and one-half times their regular rates for all hours worked more than 40 hours in a workweek due to Defendant's policy of not

1

including time spent in security screenings (described below) as hours worked. As a result of Defendant's unlawful actions, Named Plaintiffs and those similarly situated have suffered damages.

## PARTIES

2. The foregoing paragraphs are incorporated herein as if set forth in full.

3. Named Plaintiff Jennifer Chiu ("Named Plaintiff Chiu") is an adult individual with an address as set forth above.

4. Named Plaintiff Aaron Chickachop ("Named Plaintiff Chickachop") is an adult individual with an address as set forth above.

5. Defendant is a company operating in New Jersey.

6. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

7. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

8. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because it is a class action, the amount in controversy exceeds $5,000,000, and Named Plaintiffs and Defendant are citizens of different states.

9. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

10. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant reside in and/or conduct business in this judicial district and because

a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

11.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

## CLASS ACTION ALLEGATIONS

12.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiffs bring their claims for relief to redress Defendant's violations of the New Jersey Wage and Hour Law individually and on behalf of those similarly situated.

13.     Specifically, Named Plaintiffs seek to represent a class of all persons presently and formerly employed by Defendant as package handlers and/or non-exempt hourly positions who worked in one of Defendant's New Jersey distribution centers and were subject to the wage and hour policies of Defendant, as discussed *infra,* at any point during the applicable statute of limitations period[1] (hereinafter members of this putative class are referred to as "Class Plaintiffs").

14.     Named Plaintiffs are similarly situated to Class Plaintiffs in that Named Plaintiffs, like Class Plaintiffs, were/are hourly employees of Defendant and was subjected to the wage and hour policies discussed *infra*.

15.     The class is so numerous that the joinder of all class members is impracticable. Named Plaintiffs do not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is more than forty (40) individuals.

---

[1] On October 1, 2019, a class action was filed in the Superior Court of New Jersey and removed to the U.S. District Court for the District of New Jersey, alleging claims under the NJWHL identical to those in the instant Complaint. *See Farrell v. FedEx Ground Package System, Inc.* No. 3:19-cv-19973 (D.N.J.). On January 14, 2021, the District Court dismissed *Farrell* without prejudice following the death of the named plaintiff for whom no appropriate person to proceed in her place was identified. *See Farrell*, Doc. 34. At the time of dismissal, the District Court had not yet ruled on whether the case was suitable to proceed as a class action pursuant to Rule 23. Accordingly, the statute of limitations for the claims brought in the instant Complaint was tolled during the pendency of the *Farrell* case for Named Plaintiffs and the putative class they seek to represent here.

16. Named Plaintiffs' claims are typical of the claims of the Class Plaintiffs, because Named Plaintiffs, like all Class Plaintiffs, worked for Defendant in New Jersey during the period from October 1, 2013 through the present and was subject to the same wage and hour policies described herein.

17. Named Plaintiffs will fairly and adequately protect the interests of the Class Plaintiffs, because Named Plaintiffs' interests are coincident with and not antagonistic to those of the class. Named Plaintiffs have retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

18. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

19. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendant.

20. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are, *inter alia*, 1) whether Defendant's failure to pay Named Plaintiffs and Class Plaintiffs overtime wages for the time spent in mandatory security screenings

at the beginning and end of their shifts violated the NJWHL, 2) whether Defendant had a good faith basis for failing to pay Named Plaintiffs and Class Plaintiffs wages for time spent in the mandatory security screenings.

## FACTUAL BACKGROUND

21. The foregoing paragraphs are incorporated herein as if set forth in full.

22. For several months ending in or around the winter of 2019, Named Plaintiff Chiu worked for Defendant as a package handler.

23. From in or around November 2019 to in or around mid-January 2020, Named Plaintiff Chickachop worked for Defendant as a package handler.

24. Named Plaintiffs earned hourly rates.

25. Throughout their employment, Named Plaintiffs regularly worked at least forty (40) hours in a workweek according to Defendant's determination of their hours worked (i.e., excluding the unpaid hours worked at-issue).

26. Defendant classified Named Plaintiffs as non-exempt employees under the NJWHL.

27. Named Plaintiffs were non-exempt employees under the NJWHL.

28. Class Plaintiffs worked/work for Defendant in non-exempt, hourly positions and were/are subject to the same policies described herein.

29. Class Plaintiffs earned/earn hourly wages.

30. Class Plaintiffs regularly worked/work at least 40 hours in a workweek according to Defendant's determination of their hours worked (i.e., excluding the unpaid hours worked at-issue).

31. Defendant classified/classifies Class Plaintiffs as non-exempt employees under NJWHL.

32. Class Plaintiffs were/are non-exempt employees under the NJWHL.

### **Failure to Pay Overtime for Time Spent in Security Screenings**

33. The foregoing paragraphs are incorporated herein as if set forth in full.

34. At the beginning of each workday, Defendant required/requires Named Plaintiffs and Class Plaintiffs (hereinafter collectively referred to as "Plaintiffs") to go through a security screening.

35. Defendant required/requires Plaintiffs to go through the security screening prior to clocking in.

36. At the end of each workday, Defendant required/requires Plaintiffs to go through the same security screening after clocking out.

37. Defendant compensated/compensates Plaintiffs only for hours recorded in its time clock system.

38. As Plaintiffs went/go through the security screenings off-the-clock, Defendant did/does not compensate Plaintiffs for the time it took/takes Plaintiffs to go through the security screening.

39. As Plaintiffs regularly worked/work at least forty (40) hours each workweek, excluding the time spent in security screenings, Defendant's failure to pay them for the additional time spent in the screenings resulted in Defendant paying Plaintiffs less than one and one-half times their regular rate for all hours worked over forty (40) hours in a workweek.

## COUNT I
### Violations of the New Jersey Wage and Hour Law ("NJWHL")
**(Named Plaintiffs and Class Plaintiffs v. Defendant)**
**(Failure to Pay Overtime Wages for Time Spent in Security Screenings)**

40. The foregoing paragraphs are incorporated herein as if set forth in full.

41. At all times relevant herein, Defendant stand/stood in an Employer/Employee relationship with Named Plaintiffs and Class Plaintiffs under the NJWHL.

42. At all times relevant herein, Defendant is/was responsible for paying wages to Named Plaintiffs and Class Plaintiffs.

43. Pursuant to the NJWHL, all the time an employee is required to be at his or her place of work shall be counted as hours worked.

44. Defendant violated the NJWHL by failing to include the time Named Plaintiffs and Class Plaintiffs spent/spend in security screenings as hours worked for the purpose of paying overtime wages.

45. Defendant's conduct in failing to pay Named Plaintiffs and Collective Plaintiffs properly was and is not an inadvertent error made in and good faith, and Defendant had no reasonable grounds for believing that the conduct was not a violation of the NJWHL.

46. As a result of Defendant's conduct, Named Plaintiffs and Class Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiffs and Class Plaintiffs pray that this Court enter an Order providing that:

(1) Defendant is to be prohibited from continuing to maintain its illegal policy, practice or customs in violation of the New Jersey Wage and Hour Law;

(2)     Defendant is to compensate, reimburse, and make Named Plaintiffs and Class Plaintiffs whole for any and all pay they would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings;

(3)     Named Plaintiffs and Class Plaintiffs are to be awarded liquidated damages as provided by the NJWHL;

(4)     Named Plaintiffs and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by the NJWHL;

(5)     Named Plaintiffs and Class Plaintiffs are to be awarded all other relief this Court deems just and proper.

(6)     Named Plaintiffs' and Class Plaintiffs' claims are to receive a jury trial.

Respectfully Submitted,

*/s/ Matthew D. Miller*
Matthew D. Miller, Esq.
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway N., Ste. 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: March 8, 2021

## **DEMAND TO PRESERVE EVIDENCE**

Defendant is hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiffs' and Class Plaintiffs' employment, to Named Plaintiffs' and Class Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

By way of example, but not limitation, Defendant is directed to preserve all video showing Named Plaintiffs and/or Class Plaintiffs clocking in or out and passing through security screenings.