## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## TRENTON DIVISION

| | |
|---|---|
| JENNIFER CHIU, *individually and on behalf of those similarly situated*, <br><br> and <br><br> AARON CHICKACHOP, *individually and on behalf of all those similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> FEDEX GROUND PACKAGE SYSTEM, INC., <br><br> Defendant. | Civil Action No. 3:21-cv-01181-FLW-DEA |

---

## BRIEF IN SUPPORT OF DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S MOTION FOR SUMMARY JUDGMENT

---

Kathleen McLeod Caminiti, Esq.
FISHER & PHILLIPS LLP
430 Mountain Avenue, Suite 303
Murray Hill, New Jersey 07974
(908) 516-1050
*kcaminiti@fisherphillips.com*

David J. Kiefer (02980-2011)
FEDEX GROUND PACKAGE SYSTEM, INC.
1000 FedEx Drive
Moon Township, PA 15108
(412) 859-4140
(412) 859-5450
*david.kiefer@fedex.com*

Mary-Jo Rebelo, Esq.
BURNS WHITE LLC
48 26th Street
Pittsburgh, PA 15222
(412) 995-3000
(412) 995-3300
*mjrebelo@burnswhite.com*

**Attorneys for Defendant FedEx Ground Package System, Inc.**

# **TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES ................................................................ v

I.      INTRODUCTION ...................................................... 1

II.     PROCEDURAL HISTORY ............................................ 2

        A.      Ms. Chiu Filed Her Putative Class Action on January 26, 2021
                Seeking Compensation for Security Screening Time............................ 2

        B.      At this time, FedEx Ground Seeks Summary Judgment Only on Ms.
                Chiu's Overtime Claim................................................. 2

III.    RELEVANT FACTUAL BACKGROUND ................................. 3

        A.      In March and April 2018, Ms. Chiu Worked for 18 Days as a
                Part-Time Package Handler at FedEx Ground's Trenton Facility ........ 3

        B.      During Her Five Workweeks at FedEx Ground, Ms. Chiu Never
                Worked More Than Six Hours in a Shift or 20.67 Hours in a
                Workweek ................................................................. 4

IV.     STANDARD OF REVIEW ............................................. 4

        A.      This Court Should Grant Summary Judgment on Ms. Chiu's
                Overtime Claim Because There is No Genuine Dispute as to Any
                Material Fact ............................................................ 4

V.      ARGUMENT ............................................................ 5

        A.      Ms. Chiu's Overtime Claim Under the NJWHL Lacks Merit
                Because She Never Worked Anywhere Near 40 Hours in a
                Workweek ................................................................ 5

                1.      The Undisputed Facts Regarding Ms. Chiu's Employment with
                        FedEx Ground Diverge Significantly from the Complaint's
                        Allegations............................................................ 6

iii

2.     Because Ms. Chiu Never Worked Close to 40 Hours in Any Workweek, Her Overtime Claim Must Fail ................................ 7

3.     Case Law Under the Analogous FLSA Likewise Supports Dismissal of Ms. Chiu's Overtime Claim ................................... 9

VI.    CONCLUSION............................................................................ 11

# TABLE OF AUTHORITIES

<u>Page(s)</u>

<u>Cases</u>

*Acumed LLC v. Advanced Surgical Servs.*,
  561 F.3d 199 (3d Cir. 2009)  ............................................................................ 8

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986).................................................................................... 4, 5

*Anjum v. J.C. Penney Co.*,
  Civil Action No. 13 CV 0460 (RJD)(RER),
  2014 U.S. Dist. LEXIS 144199 (E.D.N.Y. Oct. 9, 2014) ............................... 10

*Branch v. Cream-O-Land Dairy*,
  243 A.3d 633 (N.J. 2021) .............................................................................. 5

*Brown v. Apothaker & Assocs., P.C.*,
  Civil Action No. 1:17-cv-03994-NLH-JS,
  2018 U.S. Dist. LEXIS 56578 (D.N.J. Apr. 3, 2018)........................................ 9

*Brunozzi v. Crossmark, Inc.*,
  Civil Action No. 13-4585 (RBK/JS),
  2016 U.S. Dist. LEXIS 2737 (D.N.J. Jan. 11, 2016)........................................ 9

*Davis v. Abington Mem'l Hosp.*,
  765 F.3d 236 (3d Cir. 2014) .......................................................................... 10

*Garcia v. Freedom Mortg. Corp.*,
  790 F. Supp. 2d 283,
  274 F.R.D. 513 (D.N.J. 2011).......................................................................... 10

*Genarie v. PRD Mgmt.*,
  Civil Action No. 04-2082 (JBS),
  2006 U.S. Dist. LEXIS 9705 (D.N.J. Feb. 17, 2006) ........................................ 6

*Lundy v. Catholic Health System of Long Island Inc.*,
  711 F.3d 106 (2nd Cir. 2013) ........................................................................ 10

*Lurty v. 2001 Towing & Recovery, Inc.*,
    Civil Action No. 1:18-cv-06302-NLH-AMD,
    2019 U.S. Dist. LEXIS 122373 (D.N.J. July 23, 2019) .................................... 10

*Nicholl-Kenner v. Lawrenceville Urology, P.A.*,
    Civil Action No. 11-195 (MLC),
    2012 U.S. Dist. LEXIS 71674 (D.N.J. May 23, 2012)..................................... 10

*Nieves v. Top Notch Granite & Marble LLC*,
    Civil Action No. 10-1589 (JHR),
    2011 U.S. Dist. LEXIS 78252, (D.N.J. July 19, 2011) .................................... 10

*Oddo v. Bimbo Bakeries USA, Inc.,*
    Civil Action No. 2:16-cv-04267-KM-JBC,
    2017 U.S. Dist. LEXIS 75172 (D.N.J. May 17, 2017)....................................... 6

*PPP Indus. v. United States*,
    Civil Action No. 12-3526 (JMV) (MAH),
    2018 U.S. Dist. LEXIS 199930 (D.N.J. Nov. 26, 2018) ................................. 4, 5

*Portfolio One v. Joie,*
    Civil Action No. 1:17-cv-579-JHR-KMW,
    2019 U.S. Dist. LEXIS 10690 (D.N.J. Jan. 23, 2019)........................................ 5

*Rivera v. Xchange at Secaucus Junction LLC*,
    Civil Action No. 17-9389 (ES) (JAD),
    2018 U.S. Dist. LEXIS 158903 (D.N.J. Sep.18, 2018) ...................................... 9

*Vasquez v. Spain Inn, Inc.*,
    Civil Action No. 19-452,
    2019 U.S. Dist. LEXIS 179778 (D.N.J. Oct. 17, 2019) .................................... 9

*Wright v. Nesor Alloy Corp.,*
    Civil Action No. 03-cv-1789 (JLL),
    2006 U.S. Dist. LEXIS 71250 (D.N.J. Sep. 29, 2006) ...................................... 8

## **<u>Statutes</u>**

N.J.S.A. § 34:11-56a ................................................................................... 1

N.J.S.A. § 34:11-56a4 .............................................................................. 6

## **<u>Rules</u>**

Fed. R. Civ. P. 56(a) ................................................................................. 4

## I.   <u>INTRODUCTION</u>

Plaintiff Jennifer Chiu is a former part-time package handler at Defendant FedEx Ground Package System, Inc.'s ("FedEx Ground") Trenton, New Jersey package sortation facility.  Ms. Chiu's employment with FedEx Ground spanned 18 working days between March 10, 2018 (her hire date), and April 12, 2018 (her resignation date).  During that time, Ms. Chiu never worked a shift longer than six hours and never worked more than 20.67 hours in a workweek.  Yet, Ms. Chiu still filed this lawsuit, claiming that FedEx Ground violated the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq*. ("NJWHL"), based on the false allegation that she "regularly worked at least forty (40) hours in a workweek according to [FedEx Ground]'s determination of hours worked" but was not compensated for "time spent in security screenings."  *See* Doc No. 4, Amended Complaint at ¶¶ 1, 25, 37-39 ("Am. Compl.").

Ms. Chiu's overtime claim necessarily fails because she never worked anywhere near 40 hours in a given workweek.  Indeed, Ms. Chiu never worked more than 20.67 hours in any of her five workweeks at FedEx Ground.  And, the Amended Complaint contains no allegation that she ever spent more than 19.33 hours in security screenings in any workweek—the minimum necessary for her to maintain a claim.  Therefore, under Rule 56, this Court should grant summary judgment for FedEx Ground and dismiss Ms. Chiu's overtime claim with prejudice.

## II.    **PROCEDURAL HISTORY**

### A.    **Ms. Chiu Filed Her Putative Class Action on January 26, 2021 Seeking Compensation for Security Screening Time.**

Ms. Chiu filed her one-count Complaint in this Court on January 26, 2021.
*See* Doc No. 1.  Ms. Chiu then amended her Complaint on March 8, 2021, adding
former part-time package handler, Aaron Chickachop, as the second Named Plaintiff
("Mr. Chickachop").  *See* Am. Compl. ¶ 4.

Both Ms. Chiu and Mr. Chickachop claim that they regularly worked more
than 40 hours per week and seek overtime pay under the NJWHL for time spent in
purportedly required security screenings.  *Id.* ¶¶ 1, 25, 37-39.  Ms. Chiu and Mr.
Chickachop seek to certify a class covering all non-exempt, hourly employees at
FedEx Ground's New Jersey facilities from October 1, 2013 to the present.  *See* Am.
Compl. ¶¶ 12-20.

### B.    **At this time, FedEx Ground Seeks Summary Judgment Only on Ms. Chiu's Overtime Claim.**

FedEx Ground seeks summary judgment on Ms. Chiu's overtime claim[1].  The
evidence demonstrates that, notwithstanding Ms. Chiu's averments to the contrary,
Ms. Chiu never worked anywhere close to 40 hours in a workweek.  Thus, even
assuming Ms. Chiu was not paid for her time spent in security screenings (which

---

[1]    At this time, FedEx Ground does not seek summary judgment as to Mr.
Chickachop's overtime claim but reserves the right to do so at a later date.

FedEx Ground disputes is compensable under New Jersey law), she would never have been entitled to any overtime pay while she worked for FedEx Ground.

### III.   RELEVANT FACTUAL BACKGROUND

**A.   In March and April 2018, Ms. Chiu Worked for 18 Days as a Part-Time Package Handler at FedEx Ground's Trenton Facility.**

FedEx Ground operates a network of package sortation facilities throughout the country, including in the state of New Jersey.  SMF[2] ¶ 1.  On March 10, 2018, Ms. Chiu began working as a part-time package handler at FedEx Ground's package sortation facility located at 584 US Route 130, Trenton, New Jersey (the "Trenton Facility").  SMF ¶¶ 2, 4.  As a package handler, Ms. Chiu was responsible for the physical loading, unloading, and sorting of packages by hand in a safe and efficient manner.  SMF ¶ 3.

Ms. Chiu was an employee at FedEx Ground for approximately 33 calendar days, from her hire date of March 10, 2018 until she resigned effective April 12, 2018.  SMF ¶ 5.  The last day that Ms. Chiu worked for FedEx Ground was on April 6, 2018.  SMF ¶ 6.  All told, Ms. Chiu worked a total of 18 working days for FedEx Ground.  SMF ¶ 7

---

[2]     All references in this brief to "SMF" are to the Statement of Material Facts Not in Dispute, which FedEx Ground is filing concurrently with its motion and brief.

**B. During Her Five Workweeks at FedEx Ground, Ms. Chiu Never Worked More than Six Hours in a Shift or 20.67 Hours in a Workweek.**

Ms. Chiu alleges in the Complaint that she "***regularly worked at least forty (40) hours in a workweek*** according to Defendant's determination of their hours worked (i.e., excluding the unpaid hours worked at-issue)." *See* Am. Compl. ¶ 25 (emphasis added). However, Ms. Chiu's timecard and payroll records tell a different story. During Ms. Chiu's five workweeks as a part-time package handler, she worked 2 hours (week one), 11.87 hours (week two), 16.37 hours (week three), 20.67 hours (week four), and 14.82 hours (week five). SMF ¶¶ 9-13.

## IV.   STANDARD OF REVIEW

**A. This Court Should Grant Summary Judgment on Ms. Chiu's Overtime Claim Because There is No Genuine Dispute as to Any Material Fact.**

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when "the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact in dispute is material when it 'might affect the outcome of the suit under the governing law' and is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *PPP Indus. v. United States*, Civil Action No. 12-3526 (JMV) (MAH), 2018 U.S. Dist. LEXIS 199930, at *6 (D.N.J. Nov. 26, 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

As the moving party, once FedEx Ground "demonstrate[s] that there is an absence of a genuine issue of material fact," the burden shifts to Ms. Chiu to "identify specific facts and affirmative evidence that contradict the moving party." *PPP Indus*, 2018 U.S. Dist. LEXIS 199930, at *7.  Ms. Chiu "may not rest upon mere allegations, general denials or . . . vague statements."  *Portfolio One,* Civil Action No. 1:17-cv-579-JHR-KMW, 2019 U.S. Dist. LEXIS 10690, at *7 (D.N.J. Jan. 23, 2019) (quotations and citations omitted).  Nor may Ms. Chiu rely upon "evidence [that] is merely colorable or [that] is not significantly probative." *PPP Indus.*, 2018 U.S. Dist. LEXIS 199930, at *7 (quoting *Anderson*, 477 U.S. at 248).

Where, as here, "there is no genuine issue as to any material fact" and Ms. Chiu has "fail[ed] to make a showing sufficient to establish the existence of an element essential to [her] case"—namely that she ever came close to working 40 hours in any workweek—summary judgment for FedEx Ground should be granted. *PPP Indus.*, 2018 U.S. Dist. LEXIS 199930, at *7.

## V.   ARGUMENT

### A.   Ms. Chiu's Overtime Claim Under the NJWHL Lacks Merit Because She Never Worked Anywhere Near 40 Hours in a Workweek.

The New Jersey Legislature enacted the wage and hour law intending to "protect employees from unfair wages and excessive hours."  *Branch v. Cream-O-Land Dairy*, 243 A.3d 633, 642 (N.J. 2021).  To that end, the NJWHL provides that

"an employer shall [] pay each employee not less than 1 1/2 times such employee's regular hourly rate for each hour of working time in excess of 40 hours in any week." N.J.S.A. § 34:11-56a4.

Consistent with the NJWHL's overtime requirements, to succeed on her claim against FedEx Ground, Ms. Chiu must demonstrate that she both "worked compensable overtime in a workweek longer than 40 hours" and had "some uncompensated time in excess of the 40 hours." *Oddo v. Bimbo Bakeries USA, Inc.*, No. 2:16-cv-04267-KM-JBC, 2017 U.S. Dist. LEXIS 75172, at *36 (D.N.J. May 17, 2017) (quotations and citations omitted). And it is Ms. Chiu who has the "burden of proof of demonstrating that [she] performed work for which [she was] not fully compensated under the NJWHL." *Genarie v. PRD Mgmt.*, No. 04-2082 (JBS), 2006 U.S. Dist. LEXIS 9705, at *63 (D.N.J. Feb. 17, 2006).

Here, Ms. Chiu's overtime claim fails because she cannot prove that she worked close to 40 hours in any of her five workweeks with FedEx Ground.

### 1. The Undisputed Facts Regarding Ms. Chiu's Employment with FedEx Ground Diverge Significantly from the Complaint's Allegations.

Initially, it is instructive to note the falsity of most of the Complaint's allegations regarding Ms. Chiu. For instance, Ms. Chiu alleges that "*[f]or several months ending in or around the winter of 2019*, Named Plaintiff Chiu worked for Defendant as a package handler." *See* Am. Compl. ¶ 22 (emphasis added).

6

However, Ms. Chiu did not work for FedEx Ground for "several months"—she spent 18 working days and 33 calendar days as a FedEx Ground employee.  SMF ¶¶ 5-7. Nor did she work for FedEx Ground in "the winter of 2019"—it was 20 months earlier, in March and April of 2018.  SMF ¶¶ 2, 5-7.

Additional deficiencies exist regarding Ms. Chiu's allegations of hours worked.  Ms. Chiu pled that she "*regularly* worked *at least forty hours*" while employed by FedEx Ground.  *See* Am. Compl. ¶ 25 (emphasis added).  Not so.  Ms. Chiu *never* worked 40 hours in *any* workweek.  SMF ¶¶ 9-13.

Review of Ms. Chiu's weekly hours worked shows that she only once exceeded 20 hours in a workweek (*Id.*):

| Week of: | Total Hours Worked |
|----------|--------------------|
| 3/10/18 | 2 |
| 3/17/18 | 11.87 |
| 3/24/18 | 16.37 |
| 3/31/18 | 20.67 |
| 4/7/18 | 14.82 |

**2.   Because Ms. Chiu Never Worked Close to 40 Hours in Any Workweek, Her Overtime Claim Must Fail.**

Ms. Chiu's theory of recovery, as pled in the Complaint, is straightforward. Because Ms. Chiu claims she "regularly" worked over 40 hours in multiple workweeks, any time she spent in purportedly required security screenings at the Trenton Facility was compensable and must be paid at her overtime rate.  But fatal

to this theory of recovery is the fact that Ms. Chiu never worked 40 hours in any workweek.  SMF ¶¶ 9-13.

Without any workweeks in excess of 20.67 hours, dismissal is required because Ms. Chiu cannot have any uncompensated time in excess of 40 hours.  *See Wright v. Nesor Alloy Corp.*, Civil Action No. 03-cv-1789 (JLL), 2006 U.S. Dist. LEXIS 71250, at *42-44 (D.N.J. Sep. 29, 2006) (granting defendant's summary judgment motion on NJWHL overtime claim as to plaintiff "who failed to produce any evidence showing that he is owed any amount of unpaid overtime" and as to two other plaintiffs who "failed to introduce any evidence to establish that these employees were owed overtime for any time period" during the limitations period).

Ms. Chiu's overtime claim is a textbook example of how "speculation and conjecture may not defeat a motion for summary judgment."  *Acumed LLC v. Advanced Surgical Servs.*, 561 F.3d 199, 228 (3d Cir. 2009).  Before she can recover overtime, this Court would need to find—based solely on conjecture and speculation—that Ms. Chiu spent more than 38 hours in required security screenings during her first workweek; more than 28.13 hours in required security screenings during her second workweek; more than 23.63 hours in required security screenings in her third workweek; more than 19.33 in her fourth workweek; or more than 25.18 hours in required security screening time in her last workweek.

And, even if any security screening time is potentially compensable (which FedEx Ground disputes), only those hours above and beyond 40 in any workweek can form the basis for a viable overtime claim under the NJWHL. *See, e.g., Brunozzi v. Crossmark, Inc.*, No. 13-4585 (RBK/JS), 2016 U.S. Dist. LEXIS 2737, at *15 (D.N.J. Jan. 11, 2016) (granting summary judgment for defendant on NJWHL overtime claim because plaintiff "may not recover unpaid wages for non-overtime work under the NJWHL").

### 3. Case Law Under the Analogous FLSA Likewise Supports Dismissal of Ms. Chiu's Overtime Claim.

Because "[t]he NJWHL mirrors its federal counterpart" and "judicial interpretations construing the FLSA are applicable" to claims asserted under the NJWHL, case law interpreting the Fair Labor Standards Act ("FLSA") is also instructive in this context. *See Vasquez v. Spain Inn, Inc.,* Civil Action No. 19-452, 2019 U.S. Dist. LEXIS 179778, at *4 (D.N.J. Oct. 17, 2019) (internal quotation marks & citation omitted; *Brown v. Apothaker & Assocs*., P.C., No. 1:17-cv-03994-NLH-JS, 2018 U.S. Dist. LEXIS 56578, at *5 n.5 (D.N.J. Apr. 3, 2018) (noting that "the NJWHL mirrors its federal counterpart"); *Rivera v. Xchange at Secaucus Junction, LLC,* Civil Action No. 17-9389 (ES) (JAD), 2018 U.S. Dist. LEXIS

9

158903, at *3 n.1 (D.N.J. Sep. 18, 2018) ("A court's determination about the sufficiency of FLSA overtime claims applies to NJWHL overtime claims as well.").[3]

Under those precedents, Ms. Chiu's overtime claim is defective because "the mismatched arithmetic undermines" her alleged entitlement to overtime pay.  *See Anjum v. J.C. Penney Co.*, No. 13 CV 0460 (RJD) (RER), 2014 U.S. Dist. LEXIS 144199, at *8 (E.D.N.Y. Oct. 9, 2014) (dismissing FLSA overtime claim when Plaintiff "estimated that she worked at most thirty-nine hours and nine minutes in a typical week" which "is below (barely) the forty-hour threshold for an FLSA overtime claim"); *Davis v. Abington Mem'l Hosp.,* 765 F.3d 236, 243 (3d Cir. 2014) (affirming dismissal of FLSA overtime claims where "[n]one of the named plaintiffs has alleged a single workweek in which he or she worked at least forty hours and also worked uncompensated time in excess of forty hours"); *Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106, 115 (2nd Cir. 2013) (dismissing

---

[3]     *Garcia v. Freedom Mortg. Corp*., 790 F. Supp. 2d 283, 288 n.7, 274 F.R.D. 513 (D.N.J. 2011) ("The NJWHL is patterned after the FLSA, and New Jersey courts look to the FLSA regulations for guidance."); *Nicholl-Kenner v. Lawrenceville Urology, P.A*., No. 11-195 (MLC), 2012 U.S. Dist. LEXIS 71674, at *6 n.1 (D.N.J. May 23, 2012) (since "[t]he NJWHL is patterned after the FLSA, and New Jersey courts look to the FLSA for guidance," it is "appropriate to examine the Overtime Claims under federal law") (internal quotation marks omitted); *Lurty v. 2001 Towing & Recovery, Inc.*, No. 1:18-cv-06302-NLH-AMD, 2019 U.S. Dist. LEXIS 122373, at *5 (D.N.J. July 23, 2019) ("The NJWHL mirrors its federal counterpart."); *Nieves v. Top Notch Granite & Marble LLC*, Civil Action No. 10-1589 (JHR), 2011 U.S. Dist. LEXIS 78252, at *7 (D.N.J. July 19, 2011) ("[T]he NJWHL mirrors its federal counterpart, the FLSA.").

FLSA overtime claim when Plaintiff "alleged a total 39 hours and 45 minutes worked" and there was "nothing but low-octane fuel for speculation" that she ever worked overtime hours).

No matter the framework, it is undisputed that Ms. Chiu never worked more than 20.67 hours during her five weeks as a FedEx Ground employee at FedEx Ground.  SMF ¶¶ 9-13.  Since it is impossible for Ms. Chiu to identify a single week in which she worked more than 40 hours, this Court must dismiss her NJWHL overtime claim.

## VI.   <u>CONCLUSION</u>

Ms. Chiu unable to set forth sufficient evidence that she regularly worked more than 40 hours in a workweek, entitling her to overtime under the NJWHL. Therefore, her overtime claim—which she seeks to bring on behalf of herself and others similarly situated—cannot survive summary judgment.

For all of the foregoing reasons, FedEx Ground respectfully requests that this Honorable Court enter summary judgment in its favor on Ms. Chiu's claim.

By:   */s/ Kathleen McLeod Caminiti*
Kathleen McLeod Caminiti, Esq.
FISHER & PHILLIPS LLP
430 Mountain Avenue, Suite 303
Murray Hill, New Jersey 07974
(908) 516-1050
*kcaminiti@fisherphillips.com*

David J. Kiefer (02980-2011)
FEDEX GROUND PACKAGE SYSTEM, INC.
1000 FedEx Drive
Moon Township, PA 15108
(412) 859-4140
(412) 859-5450
*david.kiefer@fedex.com*

Mary-Jo Rebelo, Esq.
BURNS WHITE LLC
48 26th Street
Pittsburgh, PA 15222
(412) 995-3000
(412) 995-3300
*mjrebelo@burnswhite.com*

**Attorneys for Defendant,**
**FedEx Ground Package System, Inc.**

Dated: May 3, 2021