**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AARON CHICKACHOP, *individually and on behalf of those similarly situated*, | :<br>:<br>: Civil Action No. 3:21-cv-1181-FLW-RLS<br>: |
| Plaintiff, | :<br>: |
| v. | :<br>: |
| FEDEX GROUND PACKAGE SYSTEM, INC. | :<br>:<br>: |
| Defendant. | :<br>: |

**DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION TO DISMISS THE COMPLAINT**

Kathleen McLeod Caminiti, Esq.
FISHER & PHILLIPS LLP
430 Mountain Avenue, Suite 303
Murray Hill, NJ 07974
(908) 516-1050
*kcaminiti@fisherphillips.com*

David J. Kiefer (02980-2011)
FEDEX GROUND PACKAGE SYSTEM, INC.
1000 FedEx Drive
Moon Township, PA 15108
Tel: (412) 859-4140
Fax: (412) 859-5450
*david.kiefer@fedex.com*

FP 44824477.2

Mary-Jo Rebelo, Esq.
Lyle D. Washowich, Esq.
BURNS WHITE LLC
48 26th Street
Pittsburgh, PA 15222
Tel: (412) 995-3000
Fax: (412) 995-3300
mjrebelo@burnswhite.com
ldwashowich@burnswhite.com

*Attorneys for Defendant*
FedEx Ground Package System, Inc.

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT ......................................................................................... 1

PROCEDURAL HISTORY & RELEVANT FACTS ........................................................ 1

    A. Plaintiff's Counsel Initially Litigated a Separate but Related Lawsuit for Nine Months After the Named Plaintiff's Death. ....................................................... 1

    B. Plaintiff's Counsel Filed the Present Lawsuit with a Lead Plaintiff Who Never Worked Any Overtime for FedEx Ground. ........................................................ 2

    C. Plaintiff's Counsel's Third Named Plaintiff is Non-Responsive and Cannot be Contacted. ............................................................................................................ 3

    D. Plaintiff Fails to Comply with the Federal Rules of Civil Procedure ............... 3

        1. Plaintiff Has Been Missing or Non-Responsive for at Least 4 Months While FedEx Ground Continues to Incur Significant Defense Costs ..................... 4

        2. Plaintiff Failed to Appear for His Deposition .......................................... 4

LEGAL ARGUMENT ........................................................................................................ 6

    1. This Court Should Dismiss This Case Because It Lacks Subject Matter Jurisdiction Without an Active Named Plaintiff. ............................................. 6

    2. This Court Should Dismiss This Case Because of Plaintiff's Failure to Prosecute and to Comply with His Discovery Obligations as the Lone Named Plaintiff .................................................................................................. 7

CONCLUSION .................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Aspartame Antitrust Litig.*,
  No. 06-1732, 2008 WL 4724094 (E.D. Pa. Aug. 11, 2008), *aff'd*, 416 F. App'x 208 (3d Cir. 2011)...................................................................................................7

*Brown v. Phila. Hous. Auth.*,
  350 F.3d 338 (3d Cir. 2003)...................................................................................................7

*Duda v. Rentokil N. Am., Inc.*,
  No. CV 18-13930, 2020 WL 1227526 (D.N.J. Mar. 12, 2020)......................................8, 9, 10

*Ellis v. Dyson*,
  421 U.S. 426 (1975)................................................................................................................6

*Gilchrist v. Verizon*,
  No. 15-3014, 2017 WL 1324125 (D.N.J. Apr. 5, 2017).......................................................8, 9

*Ludwig v. Speedway LLC*,
  No. 20-0824, 2021 WL 2223833 (E.D. Pa. June 2, 2021)....................................................9, 10

*Lusardi v. Xerox Corp.*,
  975 F.2d 964 (3d Cir. 1992)..................................................................................................6, 7

*Martinez v. Winner*,
  800 F.2d 230 (10th Cir. 1986) ................................................................................................6

*Naik v. Boston Consulting Grp.*,
  No. 14-03097, 2017 WL 424902 ............................................................................................9

*Nimley v. PTT Phone Cards Inc.*,
  No. 13-2216, 2014 WL 1464311 (E.D. Pa. Apr. 15, 2014).....................................................7

*Poulis v. State Farm Fire and Casualty Co.*,
  747 F.2d 863 (3d Cir. 1984)....................................................................................................7

*Silver v. Pep Boys-Manny, Moe & Jack of Del., Inc.*,
  No. 17-18, 2018 WL 1535285 (D.N.J. Mar. 29, 2018) ..........................................................7

*Solomon v. Atl. City Hilton Casino & Resort*,
  No. 10-5701, 2013 WL 3070884 (D.N.J. Apr. 8, 2013).........................................................10

*Sullivan-Blake v. FedEx Ground Package Sys., Inc.*,
  No. 18-cv-01698, 2021 WL 3563388 (W.D. Pa. Aug. 12, 2021).................................8, 9, 10

*Wortman v. Brown*,
    No. 05-1411, 2006 WL 1044787 (D.N.J. Apr. 18, 2006) ......................................................... 8

**Statutes**

Class Action Fairness Act, 28 U.S.C. § 1453 ................................................................................ 2

New Jersey Wage and Hour Law ........................................................................................... 1, 2, 3

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) .................................................................................................................. 7

Fed. R. Civ. P. 12(h)(3) .................................................................................................................. 7

**PRELIMINARY STATEMENT**

The Court should dismiss this statewide, putative overtime class action—which arises under the New Jersey Wage and Hour Law ("NJWHL") and relates to time spent in security screenings when entering and leaving Defendant FedEx Ground Package System, Inc.'s ("FedEx Ground") facilities in New Jersey—for two reasons.

*First*, the Court lacks subject matter jurisdiction over this lawsuit because Plaintiff Aaron Chickachop ("Plaintiff") failed to appear for his deposition, has been non-responsive for months, and his counsel has been unable to reach him. Since this inactive Plaintiff is the only remaining named plaintiff in this lawsuit, there is no longer a live "case or controversy" for this Court to adjudicate.

*Second*, even if this Court has subject matter jurisdiction, this Court should dismiss the Complaint because Plaintiff failed to prosecute his claim and failed to comply with his discovery obligations. To allow Plaintiff to continue to press his overtime claims on behalf of a multi-year, statewide class without actively participating in the litigation process only delays the inevitable dismissal of the Complaint in its entirety and forces FedEx Ground to continue to dedicate time and resources to defending itself. Dismissal is more than appropriate under these circumstances.

**Procedural History & Relevant Facts**

The tortured procedural history of this almost three-year-long dispute — two separate lawsuits with three different plaintiffs — is relevant to FedEx Ground's motion to dismiss.

### A. *Plaintiff's Counsel Initially Litigated a Separate but Related Lawsuit for Nine Months After the Named Plaintiff's Death*.

On October 1, 2019, Plaintiff's counsel filed a separate lawsuit titled *Sirkerra Farrell v.*

*FedEx Ground Package System, Inc.*, Civil Action No. 19-19973 (FLW).[1] (Declaration of Kathleen McLeod Caminiti ("Counsel Dec."), ¶2). The *Farrell* lawsuit asserted a NJWHL claim nearly identical to the one asserted in the present matter, averring that Plaintiff and all similarly situated individuals should be paid overtime for time spent in security screenings at FedEx Ground's New Jersey-based facilities (ECF No. 1 in *Farrell*). (Counsel Dec., ¶3). On December 6, 2019, Plaintiff filed a motion to remand (ECF No. 7 in *Farrell*) and, on December 9, 2019, FedEx Ground filed a motion to dismiss the *Farrell* complaint (ECF No. 9 in *Farrell*). (Counsel Dec., ¶3).

On December 17, 2019, just over a week after FedEx Ground filed its motion (and 11 days after Plaintiff filed her remand motion), Ms. Farrell died (ECF No. 28 in *Farrell*). (Counsel Dec., ¶5). However, Ms. Farrell's death was never brought to the Court's attention, and on July 10, 2020, the Court denied both motions (ECF No. 20 in *Farrell*). (Counsel Dec., ¶6). Close to ten months after Ms. Farrell's death — and after FedEx Ground filed its answer and prepared for an October status conference — defense counsel was informed of Ms. Farrell's passing and promptly informed the Court (ECF No. 25 in *Farrell*). (Counsel Dec., ¶7). Ultimately, on January 14, 2021, this Court dismissed the *Farrell* matter under Fed. R. Civ. P. 25(a)(1) after Plaintiff's counsel failed to locate an adequate substitute plaintiff within 90 days (ECF No. 34 in *Farrell*). (Counsel Dec., ¶8).

### B. Plaintiff's Counsel Filed the Present Lawsuit with a Lead Plaintiff Who Never Worked Any Overtime for FedEx Ground.

Plaintiff's counsel took another bite at the proverbial apple by filing this present (and separate) lawsuit on January 26, 2021, 12 days after the formal dismissal of the *Farrell* matter, and

---

[1] The *Farrell* lawsuit was initially filed in state court and removed to federal court under the Class Action Fairness Act, 28 U.S.C. § 1453 on November 7, 2019. (ECF No. 1 in *Farrell*).

with (now former) Plaintiff Jennifer Chiu filling the role of potential class representative (ECF No. 1). (Counsel Dec., ¶9). Again, Ms. Chiu sought overtime wages under the NJWHL for time spent in security screenings for herself and the putative class (ECF No. 1). (Counsel Dec., ¶9). But a review of Ms. Chiu's time records showed she worked five weeks for FedEx Ground (18 total workdays) and never worked more than 20.67 hours in any workweek. (ECF No. 8-2).

After filing its Answer and Affirmative Defenses, FedEx Ground filed a motion for summary judgment, arguing that Ms. Chiu's claim lacked merit because she never worked anywhere near 40 hours in a workweek for FedEx Ground (ECF No. 8). (Counsel Dec., ¶10). Rather than oppose the motion, Plaintiff's counsel agreed to dismiss Ms. Chiu with prejudice on June 21, 2021 because she was not similarly situated to the other individuals she sought to represent (ECF No. 13). (Counsel Dec., ¶11).

### C. Plaintiff's Counsel's Third Named Plaintiff is Non-Responsive and Cannot be Contacted.

Plaintiff's counsel added the current lead (and sole named) plaintiff, Aaron Chickachop, through an amendment of the Complaint on March 8, 2021 (ECF No. 4). (Counsel Dec., ¶12). Despite FedEx Ground's multiple attempts over the past four months to secure Plaintiff's attendance at a deposition, Mr. Chickachop is non-responsive, and his deposition cannot be confirmed. Therefore, for the reasons set forth below, Mr. Chickachop's claims should be dismissed with prejudice, and this entire case should be dismissed from the Court's docket.

### D. Plaintiff Fails to Comply with the Federal Rules of Civil Procedure

After this Court entered an Initial Scheduling Order on May 28, 2021, the parties commenced discovery. (Counsel Dec., ¶13). The parties exchanged Initial Rule 26 Disclosures, as well as initial Interrogatories, Requests for Production of Documents, and Responses thereto. (Counsel Dec., ¶14).

3

FedEx Ground noticed Plaintiff's deposition for early in May 2022, and Plaintiff responded by issuing an extensive Rule 30(b)(6) deposition notice with 12 separate categories and multiple subparts. (Counsel Dec., ¶15). However, despite repeated attempts by FedEx Ground to secure Plaintiff's attendance at a deposition, the parties have been unable complete fact discovery because Plaintiff has not appeared for deposition. (Counsel Dec., ¶16).

### 1. *Plaintiff Has Been Missing or Non-Responsive for At Least 4 Months While FedEx Ground Continues to Incur Significant Defense Costs*.

At this juncture, it appears that Plaintiff has been missing or non-responsive for months. For example, although FedEx Ground requested that Plaintiff certify his amended interrogatory answers on April 12, 2022, Plaintiff has yet to produce this certification. Most significantly, Plaintiff has not appeared for his deposition, despite his deposition having been duly noticed twice and defense counsel repeatedly seeking to set a date certain for his deposition. Further, this Court ordered Plaintiff to propose dates for his deposition no later than August 3, 2022 (ECF No. 37) and he has failed to do so. Mr. Chickachop has not responded to Plaintiff's counsel's efforts to contact him. Based on the events to date, it is evident that Mr. Chickachop has lost interest in participating in this lawsuit. Mr. Chickachop effectively has abandoned his case. This matter cannot proceed because it lacks a named plaintiff to prosecute it.

### 2. *Plaintiff Failed to Appear for His Deposition.*

FedEx Ground has expended effort and resources to secure Plaintiff's deposition. On April 27, 2022, FedEx Ground noticed Mr. Chickachop's deposition for May 10th. (Counsel Dec., Ex. A). On May 6, 2022, four days before the deposition, Plaintiff's counsel advised that he was not able to reach Plaintiff to confirm the May 10th deposition. (Counsel Dec., ¶18). That same day, defense counsel provided additional dates (May 23rd, 24th, and 26th) for Plaintiff's deposition, which did not go forward. (Counsel Dec., ¶18).

4

After Plaintiff's counsel offered the week of June 6th for deposition, defense counsel confirmed that June 7th and 9th were acceptable. (Counsel Dec., Ex. B). On May 31st, defense counsel served an updated deposition notice for June 9th. (Counsel Dec., Ex. C). On June 3rd, Plaintiff's counsel advised that his client had a "conflict" on June 9th and asked for availability in July. (Counsel Dec., Ex. D).[2] On Saturday, June 4th, defense counsel asked for Plaintiff's availability in June, not wanting to further delay depositions, and thereafter followed up with telephone calls and written correspondence seeking June dates for deposition. (Counsel Dec., Ex. E). For example, on June 9th, defense counsel wrote to request Plaintiff's availability for deposition for any date in June (with the exception of June 23rd). (Counsel Dec., Ex. F).

On June 14th, Plaintiff's counsel advised that Plaintiff "is not responsive to my repeated attempts to contact him since the end of May" and promised that he would "keep trying to get in contact." (Counsel Dec., Ex. G). On July 1st, defense counsel requested that, no later than July 8th, Plaintiff's counsel provide several dates for Mr. Chickachop's deposition. (Counsel Dec., Ex. H). On July 11th, Plaintiff's counsel advised that his client "continues to be unresponsive to my efforts to contact him." (Counsel Dec., Ex. I).

On July 18, the Court held a case management conference with the parties. (Counsel Dec., ¶27). During the conference, Plaintiff's counsel advised that Plaintiff has failed to respond to his attempts to contact him and has failed to make himself available for a deposition. (Counsel Dec., ¶28). The Court entered an Order requiring Plaintiff to propose dates for his deposition no later than August 3, 2022 (ECF No. 37).[3] (Counsel Dec., Ex. J). On August 4, 2022, defense counsel

---

[2] Based upon the fact that Plaintiff's counsel has now revealed that he has not been in contact with Mr. Chickachop, it appears that the June 9th "conflict" really was that Mr. Chickachop had not responded to Plaintiff's counsel's attempts to reach him.

[3] Pursuant to the Court Order, Plaintiff failed to propose a date for his deposition by August 3, and therefore, the Court granted FedEx Ground's motion for leave to file this motion to dismiss.

5

contacted Plaintiff's counsel, who confirmed that he had not been able to reach Mr. Chickachop. (Counsel Dec., ¶30). As of this date, Plaintiff has "gone missing." It has been more than two months since Mr. Chickachop has had any contact with Plaintiff's counsel. Mr. Chickachop has effectively abandoned this case. (Counsel Dec., ¶31).

## LEGAL ARGUMENT

### THE COURT SHOULD DISMISS THE COMPLAINT WITH PREJUDICE.

The Court should dismiss the Complaint because, without a named Plaintiff, this Court lacks subject matter jurisdiction. Even if the Court finds it has subject matter jurisdiction, the Court should dismiss the Complaint because Plaintiff failed to prosecute his claim and failed to comply with discovery.

#### A. *This Court Should Dismiss This Case Because It Lacks Subject Matter Jurisdiction Without an Active Named Plaintiff.*

This Court lacks subject matter jurisdiction, and this case cannot proceed further, because Mr. Chickachop, the one and only named Plaintiff in this putative class action, has become entirely unresponsive to FedEx Ground's efforts to take his deposition, has ignored his own counsel, and has ceased pursuing his claim.

Without a plaintiff, this case cannot proceed. "The federal 'judicial power' extends only to 'Cases' or 'Controversies.'" *Lusardi v. Xerox Corp.*, 975 F.2d 964, 974 (3d Cir. 1992) (quoting U.S. Const. art. III, §2). "There can be no live controversy without at least two active combatants." *Martinez v. Winner*, 800 F.2d 230, 230 (10th Cir. 1986); *see also, e.g., Ellis v. Dyson*, 421 U.S. 426, 434 (1975) (where plaintiffs no longer showed any interest in the litigation, "it is highly doubtful that a case or controversy could be held to exist: it is elemental that there must be parties before there is a case or controversy").

Stated another way, because Plaintiff effectively has abandoned his claims, there is no longer a "live" case or controversy, the Court lacks subject matter jurisdiction, and the Complaint should be dismissed. *See* Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action").

It is irrelevant that Plaintiff filed this case as a putative class action. Where, as here, the class "has yet to be certified" and the "claims of the named plaintiffs become moot before class certification, dismissal of the action is required. In such a situation, there is no plaintiff (either named or unnamed) who can assert a justiciable claim against any defendant and consequently there is no longer a 'case or controversy' within the meaning of Article III of the Constitution." *Lusardi*, 975 F.2d at 974-75 (citations & some internal quotation marks omitted); *accord, e.g., Brown v. Phila. Hous. Auth.*, 350 F.3d 338, 343 (3d Cir. 2003); *Silver v. Pep Boys-Manny, Moe & Jack of Del., Inc.*, No. 17-18, 2018 WL 1535285, at *8 (D.N.J. Mar. 29, 2018); *Nimley v. PTT Phone Cards Inc.*, No. 13-2216, 2014 WL 1464311, at *9 (E.D. Pa. Apr. 15, 2014); *see also, e.g., In re Aspartame Antitrust Litig.*, No. 06-1732, 2008 WL 4724094, at *8 (E.D. Pa. Aug. 11, 2008) ("because no class has been certified in this matter and because all the claims set forth by the remaining class representatives have been dismissed, the entire action must be dismissed") (internal quotation marks omitted), *aff'd*, 416 F. App'x 208 (3d Cir. 2011). Thus, this Court should dismiss the Complaint in its entirety.

### B. This Court Should Dismiss This Case Because of Plaintiff's Failure to Prosecute and to Comply with His Discovery Obligations as the Lone Named Plaintiff.

Plaintiff's claim should also be dismissed because of his failure to comply with discovery and failure to prosecute pursuant to Fed. R. Civ. P. 37(d)(1)(A) and 41(b). Generally, in determining whether to impose an involuntary dismissal under either rule, a court considers the factors set forth in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984),

7

and *Gilchrist v. Verizon*, No. 15-3014, 2017 WL 1324125, at *2 (D.N.J. Apr. 5, 2017). These factors are: (1) the extent of the plaintiff's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the plaintiff's history of dilatoriness; (4) whether the conduct of the plaintiff or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

Application of the *Poulis* factors shows this case should be dismissed.

Factor 1 – Plaintiff's Responsibility:  First, Plaintiff's failure to respond to or communicate with his own counsel makes it clear that he is personally responsible for failing to participate in the litigation and discovery.  "Personal responsibility refers to whether the misconduct that occurred is attributable to the party or to the party's attorney." *Wortman v. Brown*, No. 05-1411, 2006 WL 1044787, at *2 (D.N.J. Apr. 18, 2006); *see also Sullivan-Blake v. FedEx Ground Package Sys., Inc.*, No. 18-cv-01698, 2021 WL 3563388, at *13 (W.D. Pa. Aug. 12, 2021).  Here, Plaintiff is solely responsible for his failure to communicate with or respond to his attorney and for failing to appear for his own deposition.  Accordingly, this factor weighs in favor of dismissal.

Factor 2 – Prejudice to FedEx Ground:  Second, "with the passage of time, Defendant is prejudiced insofar as facts … become harder to establish, and litigation costs continue to be incurred." *Sullivan-Blake,* 2021 WL 3563388, at *13 (quoting *Ludwig v. Speedway LLC*, No. 20-0824, 2021 WL 2223833, at *3 (E.D. Pa. June 2, 2021)).  "Prejudice can also be 'the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy.'" *Duda v. Rentokil N. Am., Inc.*, No. CV 18-13930, 2020 WL 1227526, at *3 (D.N.J. Mar. 12, 2020) (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003)).

8

Here, FedEx Ground is faced with procuring a number of witnesses to testify regarding the numerous topics set forth in Plaintiff's Rule 30(b)(6) notice and has already expended significant costs defending against the meritless claims of three separate plaintiffs. Further, FedEx Ground is prejudiced because it has not been able to take the named Plaintiff's deposition, which prevents FedEx Ground from preparing its defenses and litigation strategy related to a putative class action. Thus, this factor weighs in favor of dismissal.

Factor 3 – Plaintiff's Continued Dilatoriness: Third, failing to appear for a deposition and failing to respond to one's own counsel for several months constitutes a history of dilatoriness. *See Sullivan-Blake,* 2021 WL 3563388, at *13*; Naik v. Boston Consulting Grp.*, No. 14-03097, 2017 WL 424902, at *5 (citing a failure to appear for a deposition as creating a history of dilatoriness). Further, Plaintiff has not taken any action to make himself available for a deposition even when the Court directed him to provide a deposition date. Plaintiff's actions evidence a pattern of dilatory conduct, and thus, the third factor favors dismissal.

Factor 4 – Plaintiff's Willful Conduct: Fourth, Plaintiff's conduct can be considered willful in the sense that he brought the lawsuit and has seemingly abandoned it. *Sullivan-Blake*, 2021 WL 3563388, at *13. Plaintiff's willfulness is further evidenced by his failure to abide by the Court order to provide a deposition date (ECF No. 37). This factor favors dismissal.

Factor 5 – Ineffectiveness of Other Possible Sanctions: Fifth, monetary sanctions are not appropriate or likely in a case with a comparatively low wage employee serving in a representative capacity. *See Ludwig*, 2021 WL 2223833, at *3. Further, other alternative sanctions would not be effective, given Plaintiff's failure to reply to attempts to reach him. *See Gilchrist*, 2017 WL 1324125, at *2; *Duda,* 2020 WL 1227526, at *4 ("But when the plaintiff appears unwilling to proceed with the litigation, alternative sanctions are ineffective."). Further, the Court warned

9

Plaintiff by giving him an opportunity and time to propose a deposition date, and yet, Plaintiff has again failed to respond to the directive of this Court or communicate with his attorney. FedEx Ground has established that dismissal is the only effective sanction. Thus, this factor favors dismissal.

Factor 6 – Merits of Plaintiff's Claim: Sixth, while it is too early for the Court to evaluate Plaintiff's claim on the merits, the Court need not find all six *Poulis* factors to dismiss a case under Rule 37 or 41. *See Solomon v. Atl. City Hilton Casino & Resort*, No. 10-5701, 2013 WL 3070884, at *6 (D.N.J. Apr. 8, 2013); *Duda,* 2020 WL 1227526, at *4 ("If the other factors favor dismissal, this factor will not prevent it."). Moreover, in this case, Mr. Chickachop only worked for a limited time period of less than four months and, during that time only worked one week of overtime. Thus, even if his claim has merit (which FedEx Ground disputes), it has very low, if any, value.

As the *Poulis* factors clearly weigh in favor of dismissal, Plaintiff's claim should be dismissed under either Rule 37(d)(1)(A) or 41(b). *See, e.g.*, *Sullivan-Blake*, 2021 WL 3563388, at *13; *Ludwig* 2021 WL 2223833, at *3 (dismissing named plaintiff in class action for abandoning case).

## CONCLUSION

Plaintiff failed to respond to and communicate with his own attorneys as well as failed to comply with his discovery obligations. This Court should not allow Plaintiff to continue with the litigation he has evidently abandoned. And, thus, this Court should dismiss the Complaint with prejudice.

                                                          Respectfully submitted,

By: *Kath M. Caminiti*
       Kathleen McLeod Caminiti, Esq.
       FISHER & PHILLIPS LLP

10

430 Mountain Avenue, Suite 303
Murray Hill, NJ 07974
(908) 516-1050
*kcaminiti@fisherphillips.com*


David J. Kiefer (02980-2011)
FEDEX GROUND PACKAGE SYSTEM, INC.
1000 FedEx Drive
Moon Township, PA 15108
Tel: (412) 859-4140
Fax: (412) 859-5450
*david.kiefer@fedex.com*


Mary-Jo Rebelo, Esq.
Lyle D. Washowich, Esq.
BURNS WHITE LLC
48 26th Street
Pittsburgh, PA 15222
Tel: (412) 995-3000
Fax: (412) 995-3300
*mjrebelo@burnswhite.com*
*ldwashowich@burnswhite.com*


Dated:  August 5, 2022

FP 44824477.2