Kathleen McLeod Caminiti, Esq.
FISHER & PHILLIPS LLP
430 Mountain Avenue, Suite 303
Murray Hill, New Jersey 07974
(908) 516-1050
(908) 516-1051
kcaminiti@fisherphillips.com
*Attorneys for Defendant*
FedEx Ground Package System, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| AARON CHICKACHOP, *individually and on behalf of those similarly situated,* | Civil Action No. 3:21-cv-1181-FLW-RLS |
| Plaintiff, | **DECLARATION OF KATHLEEN MCLEOD CAMINITI IN SUPPORT OF DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S MOTION TO DISMISS THE COMPLAINT** |
| v. | |
| FEDEX GROUND PACKAGE SYSTEM, INC. | |
| Defendant. | |

KATHLEEN McLEOD CAMINITI, hereby declares as follows:

1. I am a partner with the law firm of Fisher & Phillips LLP, counsel for Defendant FedEx Ground Package System, Inc. ("FedEx Ground") in the above-captioned matter. I am fully familiar with the facts set forth herein and make this Declaration in support of FedEx Ground's Motion to Dismiss the Complaint based upon my personal knowledge and review of the documents in this case.

**Procedural History**

2. On October 1, 2019, Plaintiff's counsel filed a lawsuit titled *Sirkerra Farrell v. FedEx Ground Package System, Inc.*, Civil Action No. 19-19973 (FLW).

3.      The *Farrell* lawsuit asserted a NJWHL claim nearly identical to the one asserted in the present matter, averring that Plaintiff and all similarly situated individuals should be paid overtime for time spent in security screenings at FedEx Ground's New Jersey-based facilities (ECF No. 1 in *Farrell*).

4.      On December 6, 2019, Plaintiff filed a motion to remand (ECF No. 7 in *Farrell*) and, on December 9, 2019, FedEx Ground filed a motion to dismiss the *Farrell* complaint (ECF No. 9 in *Farrell*).

5.      On December 17, 2019, just over a week after FedEx Ground filed its motion (and 11 days after Plaintiff filed her remand motion), Ms. Farrell died (ECF No. 28 in *Farrell*).

6.      However, Ms. Farrell's death was never brought to the Court's attention, and on July 10, 2020, the Court denied both motions (ECF No. 20 in *Farrell*).

7.      Close to ten months after Ms. Farrell's death — and after FedEx Ground filed its answer and prepared for an October status conference — Defense counsel was informed of Ms. Farrell's passing and promptly informed the Court.

8.      Ultimately, on January 14, 2021, this Court dismissed the *Farrell* matter under Fed. R. Civ. P. 25(a)(1) after Plaintiff's counsel failed to locate an adequate substitute plaintiff within 90 days (ECF No. 34 in *Farrell*).

9.      On January 26, 2021, the instant lawsuit was initiated by (now former) Plaintiff Jennifer Chiu filling the role of potential class representative (ECF No. 1). Ms. Chiu sought overtime wages under the NJWHL for time spent in security screenings for her and the putative class. *See* Compl. (ECF No. 1).

10. After filing its Answer and Affirmative Defenses, FedEx Ground filed a motion for summary judgment, arguing that Ms. Chiu's claim lacked merit because she never worked overtime and never worked anywhere near 40 hours in a workweek for FedEx Ground (ECF No. 8).

11. Rather than oppose the motion, Plaintiff's counsel agreed to dismiss Ms. Chiu with prejudice on June 21, 2021, because she was not similarly situated to the other individuals she sought to represent (ECF No. 13).

12. Plaintiff's counsel added the current lead plaintiff, Aaron Chickachop, through an amendment of the Complaint on March 8, 2021 (ECF No. 4).

**Plaintiff's Failure to Participate in Discovery and Abandonment of the Case**

13. After this Court entered an Initial Scheduling Order on May 28, 2021, the parties commenced discovery.

14. The parties exchanged Initial Rule 26 Disclosures, as well as initial Interrogatories, Requests for Production of Documents, and Responses thereto.

15. FedEx Ground noticed Plaintiff's deposition for early in May 2022, and Plaintiff responded by issuing an extensive Rule 30(b)(6) deposition notice with 12 separate categories and multiple subparts.

16. Despite FedEx Ground's multiple attempts over the past four months to secure Plaintiff's attendance at a deposition, Mr. Chickachop is non-responsive, and his deposition cannot be confirmed.

17. On April 27, 2022, FedEx Ground noticed Mr. Chickachop's deposition for May 10th. Attached hereto as **Exhibit A** is a true and correct copy of Mr. Chickachop's deposition notice for May 10, 2022.

18. On May 6, 2022, four days before the deposition, Plaintiff's counsel advised that he was not able to reach Plaintiff to confirm the May 10th deposition. That same day, defense counsel provided additional dates (May 23rd, 24th, and 26th) for Plaintiff's deposition, which did not go forward.

19. After Plaintiff's counsel offered the week of June 6th for deposition, defense counsel confirmed that June 7th and 9th were acceptable. Attached hereto as **Exhibit B** is a true and correct copy of the email exchange with Plaintiff's counsel.

20. On May 31st, defense counsel served an updated deposition notice for June 9th. Attached hereto as **Exhibit C** is a true and correct copy of Mr. Chickachop's deposition notice for June 9, 2022.

21. On June 3rd, Plaintiff's counsel advised that his client had a "conflict" on June 9th and asked for availability in July. Attached hereto as **Exhibit D** is a true and correct copy of Plaintiff's counsel's email dated June 3, 2022.

22. On Saturday, June 4th, defense counsel asked for Plaintiff's availability in June, not wanting to further delay depositions, and thereafter followed up with telephone calls and written correspondence seeking June dates for deposition. Attached hereto as **Exhibit E** is a true and correct copy of my e-mail dated June 4, 2022.

23. For example, on June 9th, defense counsel wrote to request Plaintiff's availability for deposition for any date in June (with the exception of June 23rd). Attached hereto as **Exhibit F** is a true and correct copy of my letter to Plaintiff's counsel dated June 9, 2022.

24. On June 14th, Plaintiff's counsel advised that Plaintiff "is not responsive to my repeated attempts to contact him since the end of May" and promised that he would "keep trying to

get in contact." Attached hereto as **Exhibit G** is a true and correct copy of Plaintiff's counsel's email dated June 14, 2022.

25. On July 1st, defense counsel requested that, no later than July 8th, Plaintiff provide several dates for Mr. Chickachop's deposition. Attached hereto as **Exhibit H** is a true and correct copy of my letter to Plaintiff's counsel dated July 1, 2022.

26. On July 11th, Plaintiff's counsel advised that his client "continues to be unresponsive to my efforts to contact him." Attached hereto as **Exhibit I** is a true and correct copy of Plaintiff's counsel's email dated July 11, 2022.

27. On July 18, the Court held a case management conference with the parties.

28. During the conference, Plaintiff's counsel advised that Plaintiff has failed to respond to his attempts to contact him and has failed to make himself available for a deposition.

29. The Court entered an Order requiring Plaintiff to propose dates for his deposition no later than August 3, 2022. Attached hereto as **Exhibit J** is a true and correct copy of the July 19, 2022 Court Order (ECF No. 37).

30. On August 4, 2022, the undersigned defense counsel contacted Plaintiff's counsel (Matthew Miller) who confirmed that he had not been able to reach Mr. Chickachop.

31. As of this date, Plaintiff has "gone missing." It has been more than two months since Mr. Chickachop has had any contact with Plaintiff's counsel. Mr. Chickachop has effectively abandoned this case.

Pursuant to 29 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

By: *Kath M. Caminiti*
Kathleen McLeod Caminiti

Dated: August 5, 2022